Opinion filed July 23, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00156-CR

_____

## KIRK WAYNE WORTHINGTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18187B**

## M E M O R A N D U M   O P I N I O N

Kirk Wayne Worthington, Appellant, was convicted in 2011 of burglary of a habitation.  Appellant recently filed in the district clerk's office a document titled "Motion for Appointment of Counsel (Appeal)" in which Appellant stated his "grounds for appeal."  We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on November 3, 2011, and that his notice of appeal was filed in the district

clerk's office on July 8, 2015. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We also informed Appellant that the trial court's certification indicates that this is a plea-bargain case in which Appellant has no right of appeal and that Appellant waived his right of appeal. We requested that Appellant respond to our letter and show grounds to continue.

Appellant has filed a response in which he states, "I did not file a[n] appeal on this cause." Appellant asserts in his response that he merely wanted an attorney appointed to address an issue regarding his TDCJ timesheet and to "bring this back befor[e] the courts in Taylor Co and get sentenced under the right statu[t]e and sentencing guidelines."

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that the document that the trial court and this court determined to be a notice of appeal was filed with the clerk of the trial court 1,343 days after sentence was imposed. The notice of appeal was, therefore, untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither a notice of appeal nor a motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an

untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.3d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

July 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.